# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**GREGORY M. HALL**                                         **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                  **NO.  16-15589**

**PATRICK W. FORBES, ET AL**                               **SECTION: "E" (5)**
    **Defendants**

## ORDER AND REASONS

Before the Court is Defendant Patrick W. Forbes' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff opposes the Defendant's motion.[2] For the reasons that follow, Defendant's motion to dismiss is **GRANTED.**

## BACKGROUND

On October 5, 2016, *pro se* Plaintiff Gregory Marcus Hall filed a complaint naming "Liza Bergeron + The State of Louisiana State Program Manager," "Patrick W. Forbes, PE Office of Community Development" ("OCD") and "Bradley Sweazy of the Road Home Small Rental Program."[3] Plaintiff alleges he was improperly withheld access to funding allocated by The Louisiana Road Home Small Rental Property Program ("SRPP") for renovations for two properties he owns in New Orleans, Louisiana.[4]

As the court in *Blanchard v. Newton* explained:

> Following Hurricanes Katrina and Rita, federal funds were appropriated to the State of Louisiana by the federal government for the purpose of disaster recovery and compensation for those property owners affected by the

---

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc. 1. Defendant Forbes states in his motion, "As of the date of filing this motion, Defendants Bergeron and Sweazy have been served with Plaintiff's Complaint. This motion is filed on behalf of Defendant Forbes, however, the arguments herein would apply equally to Defendants Bergeron and Sweazy and will be reasserted on their behalf in the event they are served." R. Doc. 9-1, at 1 n.1.
[4] *See* R. Doc. 1.

storms. The Road Home Program was developed by the State of Louisiana and approved by the United States Department of Housing and Urban Development ("HUD") as a plan for disbursement of Community Development Block Grant ("CDBG") funds to property owners. The Road Home Program was developed by the Louisiana Recovery Authority and its successor, Office of Community Development ("OCD"), both offices in the Division of Administration for the State of Louisiana.

In accordance with federal statute, the state created the Louisiana Recovery Authority ("LRA") to oversee the disbursement of federal funds. The state authorized the OCD within the Division to administer the Road Home Program. There is no dispute that the OCD is a state agency.[5]

The SRPP is a part of the Road Home Program and specifically provides loans to rental property owners to help restore damaged units and offer them at affordable rents. In his motion to dismiss, Forbes argues the Court lacks subject matter jurisdiction to hear this case as a result of Eleventh Amendment sovereign immunity.[6] Additionally, Forbes argues the Plaintiff has exhausted his appeal rights and, under the SRPP program, no further remedies are available.[7]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[8] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[9] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[10] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint

---

[5] 865 F. Supp. 2d 709, 712 (M.D. La. 2012) (internal citations omitted).

[6] R. Doc. 9-1, at 5.

[7] *Id.*

[8] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

[9] *See* Fed. R. Civ. P. 12(b)(1).

[10] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[11] "When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[12]

## ANALYSIS

The Court begins by noting its cognizance of Plaintiff's *pro se* status. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'"[13] "Despite [the] general willingness to construe pro se filings liberally, [the courts] still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'"[14] Among other requirements, Plaintiffs proceeding *pro se* "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, [and] obey discovery orders."[15]

Even construing the amended complaint liberally, it is clear this Court lacks jurisdiction over Plaintiff's complaint. The Eleventh Amendment serves as a jurisdictional bar depriving federal courts of the jurisdiction to adjudicate claims against a state.[16] Both federal and state law claims are barred from being asserted against a state in a federal court.[17] "Though the language of the Eleventh Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has consistently held that

---

[11] *In re FEMA*, 668 F.3d at 287.
[12] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015).
[13] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).
[14] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (internal quotation marks omitted)).
[15] *Id.* (citations omitted).
[16] *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011).
[17] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-21 (1984).

3

an unconsenting State is immune from suits brought in federal court by her own citizens as well as citizens of other states."[18] Furthermore, the Eleventh Amendment "extends to actions against state agencies or entities that are classified as 'arms of the state.'"[19]

"Pursuant to the seminal case of *Ex Parte Young* and its progeny, an exception to Eleventh Amendment immunity exists when a suit is brought against a state officer, in his official capacity, seeking prospective relief to enjoin an ongoing violation of federal law."[20] However, "the doctrine of *Ex Parte Young* is of no aid to a plaintiff seeking damages from the public treasury."[21] Additionally, "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant."[22] As the court in *Stroebel* stated, "This is true if the relief sought is equivalent to an award of damages for a past violation of federal law although set forth as something else; thus, courts will consider the substance rather than the form of the relief sought in determining whether the *Ex Parte Young* exception applied."[23]

"It is additionally well-settled that [t]he Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest."[24] To determine the party at interest, the Court must look beyond "the mere names of the titular parties" and instead look to the "essential nature and effect of the proceeding."[25] "The general rule is

---

[18] *Id.* (internal quotation marks omitted) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)).

[19] *Id.* (citing *Regents of the Univ. of Ca. v. John Doe*, 519 U.S. 425, 429 (1997); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)).

[20] *Stroebel v. United States*, 742 F. Supp. 2d 870, 873 (E.D. La. 2010) (citing *Ex Parte Young*, 209 U.S. 123 (1908).

[21] *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974) (citing *Edelman*, 415 U.S. 651; *Kennecott Copper Corp v. State Tax Comm'n*, 327 U.S. 573 (1946); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459 (1945); *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47 (1944)).

[22] *Papasan v. Allain*, 378 U.S. 265, 278 (1986).

[23] *Stroebel*, 742 F. Supp. 2d at 873 (citing *Papasan*, 378 U.S. at 278-79).

[24] *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Ford Motor Co.*, 323 U.S. at 464) (alteration in original).

[25] *Scheuer*, 416 U.S. at 237.

Case 2:16-cv-15589-SM-MBN   Document 11   Filed 01/09/17   Page 5 of 6


that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."[26] "This occurs, for example, 'if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'"[27]

Like the plaintiff in *Stroebel*, Hall's request for relief merely seeks compensation for funds he alleges were wrongfully withheld from him in the past.[28] Therefore, the effect of a judgment in favor of Hall would operate against the State of Louisiana through the Louisiana Recovery Authority, i.e., the state agency responsible for implementing and administering the Road Home Program and specifically the funds allocated to it.[29] As a result, because Plaintiff's suit is barred by Eleventh Amendment sovereign immunity, his claim must be dismissed.[30]

## **LEAVE TO AMEND**

The Court should "freely give" leave to amend "when justice so requires."[31] Ordinarily, "a court should grant a pro se party every reasonable opportunity to amend."[32] "When it is apparent, however, that amendment will be futile, dismissal without leave to amend is appropriate."[33] The Court finds the Plaintiff's claims are clearly barred by the

---

[26] *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).

[27] *Stroebel*, 742 F. Supp. 2d. at 873 (quoting *Pennhurst*, 465 U.S. at 102 n.11).

[28] *See id.* at 874.

[29] *See id.* As an agency of the State of Louisiana, the Louisiana Recovery Authority qualifies as the 'state' for purposes of Eleventh Amendment immunity. *See Robinson v. Road Home Corp.*, 2010 WL 148364, at *2 (E.D. La. Jan. 12, 2010).

[30] As this Court does not have jurisdiction to hear this case, the Court need not, and cannot, address the Defendant's 12(b)(6) claims. *See Valdery*, 2015 WL 5307390, at *2.

[31] Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).

[32] *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (quoting *Pena v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1988)).

[33] *Valdery*, 2015 WL 5307390, at *2 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

Eleventh Amendment and therefore amendment will be futile. Accordingly, leave to file an amended complaint is not warranted.[34]

## OTHER DEFENDANTS

The Court has an obligation to examine its subject matter jurisdiction *sua sponte* at any time.[35] Although the other named Defendants, Liza Bergeron and Bradley Sweazy, have not yet been properly served, the Court finds the reasoning of Defendant Forbes' motion to dismiss, and the analysis described above, apply equally to Defendants Bergeron and Sweazy.[36]

## CONCLUSION

Accordingly;

**IT IS ORDERED** that the Defendant's motion to dismiss[37] based on lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**. As such, the claims asserted against Patrick Forbes are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the claims against Defendants Bergeron and Sweazy are barred by the Eleventh Amendment and therefore must also be **DISMISSED WITHOUT PREJUDICE.**

**New Orleans, Louisiana, this 9th day of January, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[34] The Plaintiff did not request leave to file a second amended complaint.
[35] *See, e.g.*, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990).
[36] As stated above, Defendant Forbes, in his motion to dismiss, states, "As of the date of filing this motion, Defendants Bergeron and Sweazy have not been served with Plaintiff's Complaint. This motion is filed on behalf of Defendant Forbes, however, the arguments herein would apply equally to Defendants Bergeron and Sweazy and will be reasserted on their behalf in the even they are served." R. Doc. 9-1, at 1 n.1.
[37] R. Doc. 9.